# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| **Patti U. McKissick,** | 4:19-cv-03019-MGL |
| **Plaintiff,** | **COMPLAINT** |
| v. | |
| | **JURY TRIAL DEMANDED** |
| **Synchrony Bank, f/k/a** | |
| **GE Capital Retail Bank,** | |
| **Defendant.** | |

## COMPLAINT

1. This is an action brought by Plaintiff, Patti U. McKissick, for actual and statutory damages for Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq* (hereinafter "TCPA") and violations of the South Carolina Consumer Protection Code, S.C. Code Ann. §37-5-108, *et seq*. Plaintiff also seeks compensatory and punitive damages for the Defendant's violations of South Carolina common law set forth herein.

## JURISDICTION AND VENUE

2. This Court has Jurisdiction under 28 U.S.C. §1331, §1332 and §1367. Venue is proper in that the Defendant transacted business here, and the Plaintiff resides here.

## PARTIES

3. Plaintiff, Patti U. McKissick, is a resident and citizen of the State of South Carolina, Florence County, is over the age of twenty-one (21) years, and is a "consumer" as that term is defined by South Carolina Consumer Protection Code §37-1-301(10).

4. Defendant Synchrony Bank f/k/a GE Capital Retail Bank is an entity whose corporate status is unknown to Plaintiff at this time. Defendant is not registered to do business in South Carolina and does not have a registered agent in South Carolina. Defendant may be served with process through its CEO, Margaret M. Keane, at its corporate headquarters, 170 W. Election Rd., Suite 125, Draper, UT 84020.

## FACTUAL ALLEGATIONS

5. From July 2018, and continuing through August, 2019, Defendant carried out a systematic campaign of harassment against Plaintiff by calling Plaintiff multiple times per day almost every day on her cellular phone number ending ***- 6274.

6. This systematic campaign included, but was not limited to, the making of multiple telephone calls to Plaintiff per day and causing Plaintiff's telephones to ring multiple times per day.

7. This systematic campaign of harassment was designed to harass, coerce, or otherwise annoy Plaintiff into paying an alleged debt and exceeded the bounds of decency and caused Plaintiff to suffer unbearable anguish, anxiety, embarrassment, humiliation, mental and physical suffering, and stress.

8. Every call made by Defendant to Plaintiff was in an attempt to collect an alleged debt and was made with the intent and purpose to harass, annoy and/or coerce the Plaintiff into paying an alleged debt, and was made after Plaintiff made clear to Defendant that she wanted all telephone calls to stop.

9. Plaintiff received calls from Defendant from at least four (4) different telephone numbers. The calls from Defendant were from (330) 433-4422, (407) 517-9762, (913) 242-3733, and 855-801-1232.

10. Defendant's regular practice was to call Plaintiff two or more times per day.

11. Upon information and belief, all of the calls placed to the Plaintiff's cellular telephone by Defendant were made through the use of an automatic telephone dialing system as defined by 47 U.S.C. § 227.

12. Defendant repeatedly called Plaintiff on a number that was assigned to a cellular telephone service. Additionally, Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. §227(b)(1).

13. Plaintiff did not expressly consent to Defendant's placement of telephone calls to her cellular telephone by the use of an automatic telephone dialing system pursuant to 47 U.S.C. §227(b)(1)(A). Defendant knew, or should have known, that they were calling Plaintiff's cellular telephone number without express consent.

14. To the extent that Plaintiff ever provided express consent to Defendant to be called, Plaintiff revoked same multiple times by requesting Defendant to stop calling her.

15. None of Defendant's telephone calls placed to Plaintiff was for emergency purposes as defined by 47 U.S.C. §227(b)(1)(A)(I).

16. The telephone calls made by Defendant to Plaintiff was in violation of 47 U.S.C. §227(b)(1).

17. Plaintiff filed a complaint with the South Carolina Department of Consumer Affairs regarding the conduct of Defendant. Specifically, Plaintiff complained regarding Defendant's collection practices and the harassing telephone calls she received from Defendant in an effort to collect on an alleged debt.

### COUNT ONE
### (Unconscionable Conduct - §37-5-108)

18. Plaintiff hereby adopts, to the extent same are consistent with the allegations contained herein, all of the allegations set forth in paragraphs 5 through 17 as if set forth fully herein.

19. Defendant Synchrony Bank has engaged in unconscionable collection activities and practices in violation of the South Carolina Consumer Protection Code with respect to the Plaintiff's alleged consumer debt.

20. Defendant Synchrony Bank violated §37-5-108(5)(b) by calling the Plaintiff multiple times per day with the purpose of harassing the Plaintiff.

21. Defendant Synchrony Bank violated §37-5-108(5)(b)(vii) by causing the Plaintiff's telephone to ring repeatedly during a twenty-four hour period with the intent to annoy, abuse, or harass the Plaintiff.

22. Upon information and belief, the above violations of the South Carolina Consumer Protection Code by Defendant Synchrony Bank entitles the Plaintiff to not less than one hundred ($100.00) dollars and not more than one thousand ($1,000.00) dollars for each violation, as well as attorney fees and costs.

23. The Plaintiff claims the above statutory damages for each and every violation, plus actual damages, attorneys' fees and costs.

## COUNT TWO
**(Violation of the Telephone Consumer Protection Act)**

24. Plaintiff hereby adopts, to the extent same are consistent with the allegations contained herein, all of the allegations set forth in paragraphs 5 through 23 as if set forth fully herein.

25. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §227 *et seq.*

26. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

## COUNT THREE
### (Violation of the Telephone Consumer Protection Act)

27. Plaintiff hereby adopts, to the extent same are consistent with the allegations contained herein, all of the allegations set forth in paragraphs 5 through 26 as if set forth fully herein.

28. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §227 *et seq.*

29. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §227 *et seq.*, the Plaintiff is entitled to treble damages, as provided by statute, of $1,500.00, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT FOUR
### (Negligent Training and Supervision)

30. Plaintiff hereby adopts, to the extent same are consistent with the allegations contained herein, all of the allegations set forth in paragraphs 5 through 29 as if set forth fully herein.

31. Defendant owed the Plaintiff a duty to properly train and supervise its employees to ensure compliance with state laws. Defendant knew or should have known of their inadequate training and supervision. If Defendant had properly trained and

supervised their employees, agents, and assigns, the conduct set forth herein which was directed at and visited upon the Plaintiff would not have occurred.

32. Defendant knew or should have known that the conduct of their employees, agents, and/or assigns was improper and was in violation of the TCPA and South Carolina law.

33. Defendant negligently failed to train and supervise their employees, agents, and/or assigns in order to prevent said improper conduct.

34. As a result of the Defendant's negligence, the Plaintiff suffered fear, frustration, humiliation, loss of sleep, anxiety, worry, nervousness, physical sickness, headaches, physical and mental suffering, pain, and anguish.

## COUNT FIVE
### (Reckless and Wanton Training and Supervision)

35. Plaintiff hereby adopts, to the extent same are consistent with the allegations contained herein, all of the allegations set forth in paragraphs 5 through 34 as if set forth fully herein.

36. Defendant knew or should have known of their inadequate training and supervision. If Defendant had properly trained and supervised their employees, agents, and assigns, the conduct set forth herein which was directed at and visited upon the Plaintiff would not have occurred.

37. Defendant knew or should have known that the conduct of their employees, agents, and/or assigns was improper and in violation of the TCPA and South Carolina law.

38. Defendant recklessly and wantonly failed to train and supervise their employees, agents, and/or assigns in order to prevent said improper conduct.

39. As a result of the Defendant's negligence, the Plaintiff suffered fear, frustration, humiliation, loss of sleep, anxiety, worry, nervousness, physical sickness, headaches, physical and mental suffering, pain, and anguish.

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment against Defendant for the following:

A. For relief in amounts or other appropriate relief as may be determined pursuant to S.C. Code Ann. § 37-5-108 to include the Plaintiff's actual damages, statutory damages of one thousand ($1,000.00) dollars for each violation, as well as attorney's fees and costs from Defendant;

B. Statutory damages of $500.00 from Defendant for each and every negligent violation of the TCPA;

C. Treble statutory damages of $1,500.00 for each and every call made to the Plaintiff's cell phone by Defendant as each and every call was a knowing and/or willful violation of the TCPA;

D. For compensatory and punitive damages in an amount to be determined by a struck jury for Defendant's negligent training and supervision, and reckless and wanton training and supervision;

E.  For this matter to be heard by a jury; and

F.  For such other and further relief as this Court deems necessary and proper.

*/s/ Penny Hays Cauley*
Penny Hays Cauley, Fed ID No 10323


*s/ William K. Geddings*
William K. Geddings, Fed. ID No. 12584
Attorneys for Plaintiff

**OF COUNSEL:**
HAYS CAULEY, P.C.
1303 West Evans Street
Florence, SC 29501
(843) 665-1717
(843) 665-1718 Facsimile
phc917@hayscauley.com

**PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY ON ALL COUNTS**

*/s/ Penny Hays Cauley*
Of Counsel


**DEFENDANT TO BE SERVED VIA CERTIFIED MAIL:**
Synchrony Bank f/k/a GE Capital Retail Bank
c/o Margaret M. Keane - CEO
170 W. Election Rd., Suite 125
Draper, UT 84020